282 So.2d 345

**Robert JOHNSON**

v.

**STATE.**

**2 Div. 92.**

Court of Criminal Appeals of Alabama.

June 12, 1973.

Rehearing Denied June 29, 1973.

William J. Baxley, Atty. Gen., and William G. McKnight, Asst. Atty. Gen., for the State.

Drake, Knowles & Still, University, for appellant.

DeCARLO, Judge.

Appellant was convicted in the Wilcox County Circuit Court for disturbing the

peace under Title 14, § 119(1), Code of Alabama, 1940, Recompiled 1958. He appeals this conviction and the sentence of a Fifty Dollar fine and costs.

F. R. Albritton, Sheriff of Wilcox County, testified that he first saw appellant on the morning of October 20, 1971, at a church where about two hundred or more people were gathering for a protest march. The procession, which started at 1:30 or 2:00 P.M., was either led by appellant or he was among those leading it. Beginning at the church, the participants marched four abreast and took up half the street. The marchers stopped in front of the Board of Education office, where they lined up in an orderly manner. At that time, approximately five to six hundred marchers were present, and about one hundred or more other people were at the courthouse. The leaders all observed the rules and regulations that had been agreed upon, with the exception of the appellant, who "planted himself in the middle of the sidewalk." Others were standing to the right of the sidewalk, as agreed, which would have permitted the left part of the walk to be open. The Sheriff, who was standing on the porch, heard someone call, ". . . he's blocking the sidewalk." He then approached the appellant and "told him that he was blocking the sidewalk and to please move off over to the right as the others had." Turning to the Sheriff, appellant spread his feet, folded his arms, ". . . as if to say, 'Here I am,'" and stated he wasn't going to move. Again the Sheriff asked him to move, but he refused. The third time, appellant was told to move or be placed under arrest for threatening the peace. Following this last refusal, there was a movement in the crowd. Sheriff Albritton placed him under arrest, and appellant went along peacefully. As to the other participants, the Sheriff stated:

"They became excited, a number of them tried to stop us, and they threatened to go to the jail with us and we had a pret-

ty tense moment there for a few minutes."

On cross-examination, the Sheriff stated further:

"When I asked him to move over to the right, he told me he wasn't going to move and I guess he said, 'I have a right to stay here', or something to that effect and I told him, I said, 'You have the right to get on the right-hand side like everybody is like we have agreed upon and not the right to stand in the middle of the sidewalk' and he began to raise his voice and when he started raising his voice then that's when we got the reaction out of the crowd."

He also testified that prior to his confrontation with the appellant, no one had tried to walk down that sidewalk, and appellant had not blocked it for anyone other than the Sheriff.

The State's next witness was Erskine McGraw, a policeman for the town of Camden, who took part in the protection or traffic control in regard to the march. Stationed twenty or twenty-five yards from the Board of Education, he could hear appellant, but could not understand what was being said. The crowd had not been singing or making any noise until the Sheriff arrested appellant, then it appeared the crowd was getting ready to start trouble.

The appellant, a resident of Camden for two or three months, testified in his own behalf. He was employed by the Southern Christian Leadership Conference and had participated in and made speeches at the marches in Camden prior to this date. He stated that on the day in question, he was standing in front of the steps at the Board of Education about to make a speech when he was approached by the Sheriff. On direct examination, he gave the following version of their conversation:

"A. He told me that he had talked to the people at the church, down at

the church, and they had agreed to stay to one side of the sidewalk. I told him that I was to one side and he told me, 'I want you to this side, get to that side.'

"Q. What did you say?

"A. I told him, 'I'm not blocking the sidewalk, I've got a right to be on this side' and he said, 'I want you on this side, if you don't get on this side, I'm going to have to lock you up.' And I said, 'Well,' 'lock me up. Am I under arrest?'

"Q. And what did he say?

"A. He said, 'Yes, you're under arrest.'

"Q. And did you put up any resistance?

"A. No, sir; I didn't.

"Q. And did you say anything to the crowd of people there at that time?

"A. No, I didn't."

According to appellant, before this conversation took place, the crowd was singing, but as the Sheriff approached, the singing stopped. It was appellant's contention that he did not interfere with anyone's movement down the sidewalk; that he did not position himself in any way that would have blocked the walk or would have kept anyone from walking down it; that a picket line on the other side of the walk was moving back and forth, and did not have any trouble getting by him.

The Code section applicable to this case, Title 14, § 119(1), is set out in part below:

"Any person who disturbs the peace of others by violent, profane, indecent, offensive or boisterous conduct or language or by conduct calculated to provoke a breach of the peace, shall be guilty of a misdemeanor. . . ."

Counsel for appellant made a motion to exclude the evidence, claiming there was no showing of: (1) a breach of the peace under the statute requirements; (2) conduct or language of appellant that was violent, profane, offensive, boisterous; (3) any conduct calculated to provoke a breach of the peace. The judge agreed there was no showing by the State of any violation of the first two grounds assigned, but thought it would be a question for the jury to determine, rather than the Court, as to whether or not such actions on the part of appellant were in fact conduct calculated to provoke a breach of the peace. In his instructions to the jury, the trial judge complied with this ruling and charged out the first two subsections (a) and (b) of the first alternative.

The sole question is whether the evidence was sufficient to prove that the appellant's conduct did in fact provoke or threaten to provoke a breach of the peace.

Judge Cates stated in Mitchell v. State, 41 Ala.App. 254, 130 So.2d 198:

"[T]he standard for disturbance must be confined to conduct which is violent, menacing, *or imports provocation to make another commit on actual breach of the peace.*" (Emphasis added)

Whether this conduct constitutes a breach of the peace depends largely upon the facts of each particular case, and the circumstances surrounding the incident. Abernathy v. State, 42 Ala.App. 149, 155 So.2d 586, reversed on other grounds, 380 U.S. 447, 85 S.Ct. 1101, 14 L.Ed.2d 151.

"No specific intent to breach the peace is essential to a conviction for a breach of the peace. State v. Cantwell, 126 Conn. 1, 8 A.2d 533; Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352. Nor is it necessary to constitute the offense of a breach of the peace that the proof show the peace has actually been broken. People v. Kovalchuck, Co.Ct., 6 N.Y. S.2d 165; People v. Ripke, Co.Ct., 115 N.Y.S.2d 590." *Abernathy,* supra.

This incident occurred while demonstrations were being conducted in Wilcox County over a period of time. Appellant having been a speaker, and possibly a leader of these marches, we can reasonably assume that he was aware of the mood of the demonstrators and the community. There was also testimony indicating that appellant had knowledge of certain rules which had been agreed upon concerning the use of the sidewalks and the conduct of the demonstrations in general.

By occupying that portion of the walk prohibited by the rules, Robert Johnson could have encouraged a similar violation by the other participants, ultimately resulting in a confrontation with the Sheriff and his deputies.

This act and the appellant's defiant manner were apparently calculated to cause the group of demonstrators to react when the Sheriff approached Johnson.

Surely appellant was aware that the demonstrators would highly resent an officer of the law forbidding the freedom of the sidewalk to one of their number and inferentially denying that freedom to them.

Nothing in the record indicates that on the occasion Sheriff Albritton asked Johnson to move, he was discourteous or that he was attempting to physically remove him from the entire walk.

Under the facts and circumstances of this case, it is my belief that a juror would have reasonably inferred appellant's actions to be conduct calculated to provoke a breach of the peace.

We have carefully searched the record and find no reversible error.

Affirmed.

All the Judges concur.